**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1999**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

MUSA RENE NANA,

      Plaintiff-Appellant,

v.

CASTRO; DAHLMAN; CAPTAIN
NARDOLILLO; C. DOBSON;
R. WELSH; JUDY HUGHES,

      Defendants-Appellees.

No. 98-1266
(D.C. No. 97-B-1526)
(D. Colo.)

ORDER AND JUDGMENT *

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

      Plaintiff Musa Rene Nana appeals from an order of the district court

granting defendants' motion for summary judgment. [1] We affirm.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Mr. Nana was imprisoned following his conviction on criminal charges. He was transferred to the INS Processing Center after service of that sentence pending deportation to his native country of Nigeria. [2] Following an altercation, Mr. Nana was placed in a segregation cell at which time his shoes and prescription orthotics were removed. Apparently, these items were thrown away by another detainee at the direction of defendants.

Mr. Nana commenced this action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). He alleged his Eighth Amendment rights had been violated by defendants, various employees at the Processing Center. He also alleged his due process rights were violated by the "despoilation" of his belongings and that defendants had committed medical malpractice.

The district court dismissed the due process claim pursuant to 28 U.S.C. § 1915 and granted summary judgment on the two remaining claims. On appeal, Mr. Nana argues only that the district court erred in granting defendants summary judgment on his Eighth Amendment claim.

We review the district court's grant of summary judgment de novo applying the same legal standard used by the district court under Fed. R. Civ. P. 56(c). <u>See James v. Sears, Roebuck & Co.</u>, 21 F.3d 989, 997-98 (10th Cir. 1994). We will

_____

[2] Mr. Nana was deported to Africa March 4, 1998.

affirm the district court's order if no material facts are disputed and if the moving party is entitled to judgment as a matter of law. See Rule 56(c).

A prisoner may establish an Eighth Amendment violation by showing "deliberate indifference to [his] serious medical needs" on the part of his jailors. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Deliberate indifference is more than mere negligence. A negligent failure to provide adequate medical care, even one constituting medical malpractice, does not rise to the level of a constitutional violation. See id. at 106. Further, disagreements with the medical staff about the care received do not establish deliberate indifference. See Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980).

At best, Mr. Nana has alleged only a disagreement about his care. Defendants have submitted an affidavit from the physician treating Mr. Nana stating that he did not find that Mr. Nana required orthotic devices. The fact that Mr. Nana had previously used orthotic devices does not mean that such devices were currently required.

The judgment is AFFIRMED for substantially the reasons stated by the United States District Court in its order of June 16, 1998, adopting the magistrate judge's recommendation of May 7, 1998.

ENTERED FOR THE COURT

Carlos F. Lucero
Circuit Judge